UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORWIN on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>-v-<br><br>BERND R. SEIZINGER, MARTINE GEORGE, MARCEL ROSENCZWEIG, and GPC BIOTECH AG,<br><br>    Defendants. | Case No.: 07-CV-6728-DC<br><br>ECF CASE |
| AUDREY DANG, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>-v-<br><br>GPC BIOTECH AG, BERND SEIZINGER, MARTINE GEORGE, MARCEL ROZENCWEIG,<br><br>    Defendants. | Case No. 07-cv-07476-DC |
| ISTVAN TEMESFOI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>-v-<br><br>GPC BIOTECH AG, BERND R. SEIZINGER, MARTINE GEORGE, and MARCEL ROSENCZWEIG,<br><br>    Defendants. | Case No. 07-cv-7016 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE GPC BIOTECH GROUP'S MOTION FOR THE CONSOLIDATION OF ALL RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ II

PRELIMINARY STATEMENT.............................................................................................1

FACTURAL BACKGROUND ...............................................................................................3

RELATED ACTIONS SHOULD BE CONSOLIDATED ......................................................4

POINT I   THE GPC BIOTECH GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CONSOLIDATED ACTION ................................................................6

    A.   THE PROCEDURES REQUIRED BY THE PSLRA.........................................6

    B.   THE GPC BIOTECH GROUP SATISFIES THE LEAD PLAINTIFF PROVISIONS OF THE PSLRA.............................................................................7

        1.   The GPC Biotech Group Has Complied With The PSLRA ......................7

        2.   The GPC Biotech Group Has The Largest Financial Interest In The Relief Sought .............................................................................................7

        3.   The GPC Biotech Group Otherwise Satisfies Rule 23 ..............................8

            (a)   The Claims Of The Proposed Lead Plaintiffs Are Typical Of The Claims Of The Class................................................................9

            (b)   The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class ..............................................................10

POINT II   THIS COURT SHOULD APPROVE THE GPC BIOTECH GROUP'S CHOICE OF LEAD COUNSEL..........................................................................11

CONCLUSION........................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992)......................................................................................10

*In re eSpeed, Inc. Sec. Litig.*
    232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................9

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D. N.Y. 1998) ............................................................................9

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990).......................................................................................6

*Werner v. Satterlee, Stephen, Burke & Burke*,
    797 F. Supp. 1196 (S.D.N.Y. 1992).............................................................................5

**Statutes**

§21D...............................................................................................................................passim
Rule 42(a)................................................................................................................................5
12 U.S. C. 78u-4(a)(3)(B)(iii)(II) ............................................................................................9
15 U.S.C. §78u-4(a)(3)(B)(ii) .................................................................................................5
15 U.S.C. §78u-4(a)((3)(A) and (B) .......................................................................................7
15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B)........................................................6
15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ............................................................................................7
15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).................................................................................2, 9
15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................9

**PRELIMINARY STATEMENT**

Agamemnon Chua, Dhruvajyoti Biswas, Koernig Kron and Frank Von Tempelhoff, (hereinafter the "GPC Biotech Group" or "Movant")[1], respectfully submit this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) consolidating all related class actions; (ii) appointing GPC Biotech Group as the Lead Plaintiff in the consolidated action and any subsequently filed related cases, and (iii) approving its selection of Abbey Spanier Rodd & Abrams, LLP as Lead Counsel for the Class.

The GPC Biotech Group believes that not only that it has sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the consolidated action but because is it comprised of both U.S. investors and foreign investors is ideally suited to represent all of the interests of class member damaged as a result of defendants' (identified below) fraudulent activity. Agamemnon Chua and Dhruvajyoti Biswas acquired 5,200 shares of GPC Biotech AG securities ("GPCB" or the "Company") on the NASDAQ during the period from December 5, 2005 through July 24, 2007 (the "Class Period") and as a result have collectively suffered losses of approximately $67,774.00. Koernig Kron and Frank Von Tempelhoff acquired 54,210 shares of GPCB on the Frankfurt Stock Exchange during the Class Period and as a result have collectively suffered losses of approximately 75,803.00 Euro (or $106,577 at current exchange rates). Collectively, the GPC Biotech Group has suffered losses of $174,351. The GPC Biotech Group is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions,

---

[1] The federal securities laws specifically authorize class members, regardless of whether they have filed a complaint, to move for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). Agamemnon Chua, Dhruvajyoti Biswas, Koernig Kron and Frank Von Tempelhoff's certification setting forth all their transactions in GPCB common stock is attached as Exhibit B,C,D and E to the Declaration of Nancy Kaboolian ("Kaboolian Decl. Ex_____") submitted herewith.

1

understands its responsibilities to the class, and is willing and able to oversee the prosecution of this action.

The PSLRA directs the Court to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice not later than 90 days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. This provision further directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff and, in making this determination, to presume that this is the entity that, among other things, has "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

The GPC Biotech Group believes that it has the largest financial interest in the relief sought by the class. In addition, the GPC Biotech Group satisfies each of the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule23") and therefore, is the qualified for appointment as lead plaintiff in this action. Thus, pursuant to the PSLRA's lead plaintiff provision, the GPC Biotech Group is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff for the class.

Further, the GPC Biotech Group will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render it incapable of adequately representing the class. Therefore, the GPC Biotech Group respectfully requests that the Court grant its motion to be appointed lead plaintiff, and approve its selection of Abbey Spanier Rodd, & Abrams, LLP as lead counsel.

**FACTURAL BACKGROUND**

The actions alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations to the market during the Class Period and thereby artificially inflating the price of GPC Biotech AG securities. The defendants include: Bernd R. Seizinger, Martine George, Marcel Rosenczweig, all top GPCB executives, and GPCB.

Defendant GPC Biotech AG is a publicly traded biopharmaceutical company focused on discovering, developing and commercializing new anticancer drugs. GPC Biotech's lead product candidate Satraplatin is currently under review by the U.S. FDA for hormone-refractory prostate cancer patients whose prior chemotherapy has failed. Its principal offices are at Fraunhofenstrasse 20, Munich, Germany 82152, and it maintains additional clinical facilities in the United States.

The Complaints allege that defendants violated the anti-fraud provisions of the federal securities laws, by issuing a series of materially false public statements during the Class Period thereby artificially inflating the price of GPC Biotech securities. GPC Biotech had spent years attempting to successfully develop it key drug Satraplatin, an oral drug therapy whose goal is to increase overall survival rates, reduce pain, and produce "progression free survival" for advanced prostate cancer patients, and needed to convince investors and collaboration partners who were funding the Company each year that it was making substantial progress toward Satraplatin's "early" FDA approval to obtain continued funding.

However, unbeknownst to public investors, the Phase 3 trial that needed to be conducted for Satraplatin was deeply flawed and employed improper methods for measuring Satraplatin's efficacy. The defendants knew of these gross irregularities not only because of their substantial experience in

pharmaceutical development and testing, but also because (as was revealed at the end of the Class Period) they were specifically warned by FDA representatives during Satraplatin's development phase that they were deviating from accepted methodologies, and that the "endpoint" they had selected was one with which the FDA was "unfamiliar" and had "no prior experience." Thus Defendants knew that there was a very substantial chance that the FDA would not approve the drug. Defendants stayed silent about the adverse facts regarding Satraplatin and its unapproved endpoint methodology until they were forced to address them due to FDA disclosures. On May 15, 2007, the Company announced that the FDA would consider approval of Satraplatin at a meeting scheduled for July 24, 2007.

On July 24, 2007, the FDA announced that its oncology panel had unanimously recommended against the approval of Satraplatin. The committee said the FDA had *no prior experience with that type of endpoint*, an issue which was "clearly communicated" to GPC Biotech while the drug was in development. In reaction to these unexpected revelations, GPC Biotech stock fell $7.20 on July 25, 2007 to close at $13.16. The stock price has not recovered.

## RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, among other things, provides for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure provides as

4

follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the consolidation issue. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. Each of the above captioned actions involves class action claims on behalf of class members who purchased or otherwise acquired GPCB securities during the Class Period. The GPC Biotech Group believes consolidation is appropriate for the related actions filed in this Court because they involve common questions of law and fact and allege the same or similar claims under the Federal securities laws on behalf of the same or similar plaintiff class. *Werner v. Satterlee, Stephen, Burke & Burke*, 797 F. Supp. 1196, 1121 (S.D.N.Y. 1992) (consolidation appropriate in securities actions where complaints are based on the same public statements and reports and there are common questions of law and fact). In addition, all actions will involve similar issues regarding class certification, and will involve identical discovery of the parties and of non-parities. Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *See, Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."). Second, after the cases have been consolidated, the Court rules on the lead plaintiff and lead counsel issues.

The GPC Biotech Group therefore, requests that the Court consolidate the above captioned actions and any subsequently filed related actions and then rule on the lead plaintiff and lead counsel issues in this matter.

## POINT I

## THE GPC BIOTECH GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CONSOLIDATED ACTION

### A.   THE PROCEDURES REQUIRED BY THE PSLRA

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and its right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;

6

  (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### B. THE GPC BIOTECH GROUP SATISFIES THE LEAD PLAINTIFF PROVISIONS OF THE PSLRA

#### 1. The GPC Biotech Group Has Complied With The PSLRA

Plaintiff in the first filed action caused a notice to be published on July 26, 2007 on PRNewswire, a widely circulated national business-oriented wire service. The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on September 24, 2007. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, the GPC Biotech Group herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. See Kaboolian Decl., Ex. A.

Agamemnon Chua, Dhruvajyoti Biswas, Koernig Kron and Frank Von Tempelhoff have each signed a certification stating that he has reviewed a complaint filed in the action, and that he is willing to serve as a representative party on behalf of the Class. See Kaboolian Decl., Ex. B, C, D and E. The certifications demonstrate that collectively the GPC Biotech Group has suffered losses of approximately $174,351 in connection with the acquisition of GPCB securities. See Kaboolian Decl. Ex. F. In addition, the GPC Biotech Group has selected and retained experienced and competent counsel to represent him and the Class. See Kaboolian Decl. Ex. G.

#### 2. The GPC Biotech Group Has The Largest Financial Interest In The Relief Sought

The most adequate plaintiff is the person or group of persons that in the determination of the Court has the largest financial interest in the relief sought by the class. The certifications

7

demonstrate that during the Class Period the GPC Biotech Group acquired 59,410 shares of GPCB stock at prices artificially inflated by defendants' false and misleading statements and have suffered losses of approximately $143,577.00. See Kaboolian Decl., Ex. B, C, D and E. To the best of its knowledge, the GPC Biotech Group has the largest financial interest in the relief sought by the Class.

In addition, to having the largest financial interest, the GPC Biotech Group is ideally suited to represent the interests of the class because it is comprised of both U.S. investors and foreign investors. Furthermore, the nomination of a group of investors as lead plaintiff is specifically contemplated by the PSLRA. *In re American Bank Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000). The majority of courts have allowed a group of unrelated investors to serve as the lead plaintiff when it would be most beneficial to the class under the circumstances of a give case. *In re Star Gas Sec. Litig.*, No. 2005 U.S. Dis. LEXIS 5227 (D. Conn. April 8, 2005). Here, the GPC Biotech Group is a small group whose members are representative of both U.S. and foreign investors who purchase GPCB securities through out the entire Class Period. Under these circumstances appointing the GPC Biotech Group would be most beneficial to the entire class.

The GPC Biotech Group therefore, is presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The GPC Biotech Group Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At this stage of the action, the GPC Biotech Group "need only make a preliminary showing that it

satisfy the typicality and adequacy requirements of Rule 23." *In re eSpeed, Inc. Sec. Litig.* 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D. N.Y. 1998)

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). Thus, in deciding a lead plaintiff motion, the Court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, the GPC Biotech Group satisfies the typicality and adequacy requirements of Rule 23.

### (a)  The Claims Of The Proposed Lead Plaintiff Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of GPCB stock was artificially inflated due to the activities complained of; and (e) the extent of damages class members

sustained and the appropriate measure of those damages. The GPC Biotech Group's claims are typical of the claims of the members of the proposed class. The GPC Biotech Group, as do all members of the class, alleges that certain of GPCB's directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about GPCB during the Class Period. Further, the GPC Biotech Group as did all of the members of the proposed class, acquired GPCB stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by the GPC Biotech Group are based on the same legal theory and arise "from the same course of conduct, and each class member makes similar legal argument to prove defendants liability." *Drexel Burnham*, 960 at 291.

### (b) The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class

The interests of the GPC Biotech Group are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of these individuals and the proposed class members. As detailed above, the GPC Biotech Group shares substantially similar questions of law and fact with the members of the proposed class, its claims are typical of the members of the class, and it has taken significant steps to advance this litigation. In addition, the GPC Biotech Group has amply demonstrated its adequacy to serve as class representative by signing a certification affirming its willingness to serve as, and assume the responsibilities of class representative.

Finally, the GPC Biotech Group has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, the GPC Biotech Group should be appointed Lead Plaintiff in the consolidated action.

## POINT II

### THIS COURT SHOULD APPROVE THE GPC BIOTECH GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. See §21D(a)(3)(B)(v). The GPC Biotech Group has selected the law firm of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. See Kaboolian Decl. Ex. G.

### CONCLUSION

For the foregoing reasons, the GPC Biotech Group respectfully requests that the Court: (i) consolidate all related cases (ii) appoint the GPC Biotech Group as Lead Plaintiff in the consolidated action; and (iii) approve its choice of Abbey Spanier Rodd & Abrams, LLP as Lead Counsel.

Dated:      September 24, 2007
            New York, New York                Respectfully Submitted,

                                              **ABBEY SPANIER RODD &
                                              ABRAMS LLP**

                                              By: _____
                                              Arthur N. Abbey
                                              Nancy Kaboolian (NK 6346)
                                              212 East 39th Street
                                              New York, New York 10016
                                              Tel:   (212) 889-3700
                                              Fax:   (212) 684-5191

                                              Proposed Lead Counsel

Laurence D. Paskowitz, Esq.
Roy L. Jacobs, Esq.
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th floor
New York, New York 10016
(212) 685-0969