UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
ROBERT CORWIN, Individually, and On : 
Behalf of All Others Similarly Situated, :
 : Electronically Filed
                Plaintiff, :
 : Civil Action No.: 1:07-cv-06728-DC
       v. : (ECF Case)
 :
BERND R. SEIZINGER, MARTINE : Hon. Denny Chin
GEORGE, MARCEL ROSENCZWEIG, and :
GPC BIOTECH AG, :
 :
              Defendants. :
---------------------------------------------------------- x

*(Additional captions on the following pages)*

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF AXXION S.A. LUXEMBURG, ON BEHALF OF ITS THE AKROBAT
FUND-VALUE, FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

------------------------------------------------------------ x
ISTVAN TEMESFOI, Individually, and On :
Behalf of All Others Similarly Situated, :
                                                       : Electronically Filed
                      Plaintiff, :
                                                       : Civil Action No.: 1:07-cv-07016-DC
                    v. : (ECF Case)
                                                       :
GPC BIOTECH AG, BERND R. SEIZINGER, : Hon. Denny Chin
MARTINE GEORGE and, MARCEL :
ROSENCZWEIG, :
                                                       :
                    Defendants. :
------------------------------------------------------------ x
AUDREY DANG, Individually, and On Behalf :
of All Others Similarly Situated, :
                                                       : Electronically Filed
                      Plaintiff, :
                                                       : Civil Action No.: 1:07-cv-07476-DC
                    v. : (ECF Case)
                                                       :
GPC BIOTECH AG, BERND R. SEIZINGER, : Hon. Denny Chin
MARTINE GEORGE and, MARCEL :
ROSENCZWEIG, :
                                                       :
                    Defendants. :
------------------------------------------------------------ x

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT........................................................................................................1

STATEMENT OF FACTS ................................................................................................................3

ARGUMENT.....................................................................................................................................4

I.      AXXION SHOULD BE APPOINTED LEAD PLAINTIFF .................................................4

          A.      The Procedural Requirements Pursuant to the PSLRA....................................................4

          B.      Axxion is the "Most Adequate Plaintiff" ........................................................................5

                  1.      Axxion Has Made a Motion for Appointment as Lead Plaintiff .......................5

                  2.      Axxion Has the Largest Financial Interest............................................................5

                  3.      Axxion Otherwise Satisfies Rule 23 ......................................................................6

                        (a)      Axxion Fulfills the Typicality Requirement.............................................7

                        (b)      Axxion Fulfills the Adequacy Requirement............................................8

                  4.      Axxion is the Prototypical Lead Plaintiff Envisioned by the PSLRA...............8

II.     THE COURT SHOULD APPROVE AXXION'S CHOICE OF COUNSEL .......................9

CONCLUSION................................................................................................................................10

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................................................. 5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................. 8

*Constance Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................................... 2,7

*Glauser v. EVCI Career Colleges Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...................................................................................... 5,7

*Montoya v. Mamma.com Inc.*,
  No. 05 Civ. 2313 (HB), 2005 WL 1278097 (S.D.N.Y 2005) .......................................... 2,5

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................... 2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................... 7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................................... 8

*In re Waste Mgmt., Inc. Sec. Litig.*,
  128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................. 9

*Weiss v. Friedman, Billings, Ramsey Group, Inc.,*
  No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. 2005)............................. 9

### **FEDERAL STATUTES**

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 4

15 U.S.C. § 78u-4(a)(3) .............................................................................................................. 6

15 U.S.C. § 78u-4(a)(3) .............................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 9

Fed. R. Civ. P. 23 ..................................................................................................................... 7

Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.
    § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ........ 1

15 U.S.C. § 78u-4(a) ................................................................................................................ 4

Axxion S.A. Luxemburg, on behalf of its Akrobat Fund-Value ("Axxion"), respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the related actions; (ii) appointing Axxion as lead plaintiff of a class of purchasers of the securities of GPC Biotech AG ("GPC" or the "Company"); and (iii) approving Axxion's selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against GPC, a pharmaceutical research and development company, and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' materially false and misleading statements concerning serious flaws in the Phase 3 trial of its prostate cancer drug Satraplatin. This action is brought on behalf of all persons and entities who purchased or otherwise acquired the securities of GPC between December 5, 2005, and July 24, 2007, inclusive (the "Class Period"). During the Class Period, Defendants knew that the Satraplatin trial was deeply flawed and that they were employing improper methods for measuring the drug's efficacy. Defendants' misstatements, which appeared in, among other places, the Company's SEC filings and press releases during the Class Period, artificially inflated the price of GPC securities and caused substantial damages to the Class upon disclosure of the truth in July 2007.

On July 26, 2007, a complaint was filed in this Action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should

determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

A broad body of case law in the Second Circuit establishes that four key factors should guide the Court's determination of the "largest financial interest": (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See, e.g., Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).[1]

Axxion purchased 150,000 shares of GPC common stock and sold none during the Class Period (making net purchases of 150,000 shares), expending $3,963,658 in net funds to acquire those securities, and suffering losses of $1,832,888.35 on either a last-in, first-out ("LIFO") basis or a first-in, first-out ("FIFO") basis. To the best of its knowledge, Axxion's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. Axxion is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, Axxion satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action. Thus, as demonstrated herein, Axxion is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

---

[1] *In re Olsten Corp.* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly referred to as "*Olsten* factors."

**STATEMENT OF FACTS**

GPC is a biopharmaceutical company focused on discovering, developing, and commercializing new anticancer drugs. Its lead product candidate Satraplatin is currently under review by the U.S. Food & Drug Administration ("FDA") for hormone-refractory prostate cancer patients whose prior chemotherapy has failed. GPC's principal offices are in Munich, Germany, and it maintains clinical facilities in the United States. Its sponsored American Depositary Receipts evidencing American Depositary Shares are registered and trade on the NASDAQ Global Market under the ticker symbol GPCB.

By the beginning of the Class Period, GPC had been trying to bring Satraplatin to market for several years. Running a deficit of €229.5 million (approximately $314 million), and because the biotechnology patents for Satraplatin would expire between 2008 and 2010 in the U.S. and other countries, GPC needed to make major strides in developing Satraplatin and give its investors the impression that the drug was close to "early" approval. Defendants formulated a plan to conduct a Phase 3 trial of Satraplatin that would set the stage for marketing approval for the drug from the FDA by 2007. The FDA cautioned that the study could result in Satraplatin's approval only if it was performed "flawlessly".

FDA trials must adhere to rigid standards and incorporate milestones, or "endpoints", which the FDA uses to evaluate a drug's safety and effectiveness. Throughout the Class Period, however, Defendants concealed that the Phase 3 trial was deeply flawed because it relied on unorthodox methods for gauging the effectiveness of Saraplatin. Defendants were aware of this because the FDA expressly warned them that they had departed from generally accepted protocols and that the trial's "endpoint" was one with which the FDA was "unfamiliar" and had "no prior experience." The FDA also expressed doubts about whether the trial was, in fact, "blind", such that researchers did not know which subjects had received Satraplatin and which had received only a placebo.

3

Defendants kept these facts and developments from the public until they were compelled to address them due to an upcoming FDA meeting. The truth began to emerge on July 20, 2007, when an FDA committee criticized the benchmarks used to assess Satraplatin's effectiveness, principally including a so-called "composite endpoint". The committee indicated that the FDA was unfamiliar with this kind of endpoint, which concern had been "clearly communicated" to the Company during the drug's developmental phase. GPC stock fell $10.85 over the next two trading days, closing at $20.95 on July 23, 2007.

After the close of trading on July 24, 2007, the FDA revealed that it had advised that approval be withheld from Satraplatin and that it would not reconsider the drug until the end of 2008. GPC stock fell an additional $7.20, to close at $13.16 on July 25, 2007.

## ARGUMENT

**I.    AXXION SHOULD BE APPOINTED LEAD PLAINTIFF**

   **A.    The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *PRNewswire* on July 26, 2007. See Ellman Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than September 24, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

4

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. Axxion is the "Most Adequate Plaintiff"

#### 1. Axxion Has Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Axxion timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2. Axxion Has the Largest Financial Interest

As noted above, the analysis central to appointing lead plaintiff focuses on a four-part test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Montoya v. Mamma.com Inc.*, 2005 WL 1278097, at *1. "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold,

5

rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999)

Based upon these factors, Axxion believes it has the largest financial interest in this litigation.

**Net Shares Purchased**: Net shares purchased equals the number of shares purchased less the number of shares sold during the class period. Axxion is a net purchaser of GPC shares because it bought 150,000 shares during the Class Period and sold none. See Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Net Funds Expended**: The net funds expended on the subject securities during the class period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities. Axxion expended $3,963,658 in net funds to purchase GPC stock during the Class Period. *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Approximate Losses:** In determining a movant's approximate losses, courts have employed either the LIFO or FIFO method. Axxion suffered total losses of $1,832,888.35 when calculated using either method. See Certification and Loss Analysis, Ellman Decl. Ex. A and B.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Axxion believes to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

### 3.    Axxion Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

6

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, Axxion satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a)  **Axxion Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

Axxion seeks to represent a class of purchasers of GPC securities which have identical, non-competing and non-conflicting interests. Axxion satisfies the typicality requirement because it: (1) purchased or acquired GPC securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, Axxion's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

7

### (b)     Axxion Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.). Axxion's interests in this action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, their selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that Axxion and their selected counsel will more than adequately protect the interests of absent class members.

### 4.     Axxion is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, Axxion is precisely the type of large, sophisticated institutional investor – the prototypical Lead Plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Indeed, Axxion is a sophisticated institutional investor with vast resources to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). Axxion has submitted its sworn certification demonstrating its desire to serve as Lead

8

Plaintiff in this Action and their understanding of the attendant duties of serving as such. *See* Ellman Decl. Ex. A. Thus, as demonstrated above, Axxion is the prototypical lead plaintiff under the PSLRA.

## II.     THE COURT SHOULD APPROVE AXXION'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20. Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. See Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., and others. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that Axxion or its counsel will not fairly and adequately represent the Class, or that Axxion is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint Axxion as lead plaintiff and approve its selection of Labaton Sucharow LLP to serve as Lead Counsel for the Class.

## **CONCLUSION**

For the foregoing reasons, Axxion respectfully requests that the Court: (A) consolidate the related actions; (B) appoint Axxion as Lead Plaintiff; and (C) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: September 24, 2007  Respectfully submitted,

**LABATON SUCHAROW LLP**

By: ___/s/ Christopher J. Keller___
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
100 Park Avenue
New York, New York 10017
Telephone:    (212) 907-0700
Facsimile:     (212) 818-0477

*Attorneys for Axxion and Proposed Lead Counsel for the Class*

Marc Schiefer
Tilp PLLC
140 Broadway
New York, New York 10005

*Counsel for Axxion*

10