UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORWIN on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>BERND R. SEIZINGER, MARTINE GEORGE, MARCEL ROSENCZWEIG, and GPC BIOTECH AG,<br><br>Defendants. | Case No.: 07-CV-6728-DC<br><br>ECF CASE |
| AUDREY DANG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>GPC BIOTECH AG, BERND SEIZINGER, MARTINE GEORGE, MARCEL ROZENCWEIG,<br><br>Defendants. | Case No. 07-cv-07476-DC |
| ISTVAN TEMESFOI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>GPC BIOTECH AG, BERND R. SEIZINGER, MARTINE GEORGE, and MARCEL ROSENCZWEIG,<br><br>Defendants. | Case No. 07-cv-7016 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GPC BIOTECH GROUP'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ....................................................................................................... 3

    A.  The U.S. Investors of the GPC Biotech Group have the Largest Financial Interests of Any Applicant that also satisfies the Requirements for Rule 23 ............................................................................................................ 3

    B.  Axxion and/or the Temesfoi Lead Plaintiff Group Should be Limited to Representing the European Investors ..................................................... 4

III. CONCLUSION .................................................................................................... 6

1

## I. INTRODUCTION

Presently pending before the Court are three motions for appointment of Lead Plaintiff filed pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The movants are: (1) the GPC Biotech Group; (2) Axxion S.A. Luxemburg's Akrobat Fund-Value ("Axxion"); and (3) the Temesfoi Lead Plaintiff Group.[1]

The GPC Biotech Group consists of two U.S. investors and two foreign investors. Given two recent developments, we are withdrawing the GPC Biotech Group's application on behalf of the two foreign investors, and seek to have Movants Chua and Biswas, the largest investors who live in the United States and purchased shares in the United States securities markets, as a Lead Plaintiff for the Class, with particular responsibility for representing U.S. investors. The two recent developments are as follows: (a) simultaneous motions for Lead Plaintiff status made on September 25, 2007 revealed that Movant Axxion has the largest loss of any foreign investor who purchased on the European securities markets; and (b) a very recent decision issued in this District which identifies issues as to the Court's subject matter jurisdiction over the claims of foreign investors. *In re Rhodia S.A. Secs. Litig.*, 2007 U.S. Dist. LEXIS 72758 (S.D.N.Y. Sept. 26, 2007), (dismissing claims of foreign investors for want of subject matter jurisdiction..)[2]

---

[1]  Each movant has moved for the consolidation of the above captioned related cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

[2]  The GPC Biotech Group is by no means suggesting that Axxion and the foreign investors do not have standing; rather, the issue is an important one, and weighs against Axxion's appointment as the only Lead Plaintiff, as an adverse decision will be harmful to the Class and may substantially delay the case. As Judge Stanton noted in *Borochoff v. Glaxosmithkline Plc*, 2007 U.S. Dist. LEXIS 74621 (S.D.N.Y. Oct. 5, 2007), the lead plaintiff motion "is not the proper occasion to determine whether the German Institutional Investor Group will be in the Class." The GPC Biotech Group will fight to protect the interests of all of the stockholders of GPC Biotech but recognize that at this stage of the litigation the appointment of a foreign investor as the sole lead plaintiff will become a time consuming distraction and potentially jeopardize the case for all class members. Movants Chua and Biswas, as United States investors, have unquestionable standing, and can see this case through to the end, in tandem with Axxion, or by themselves if need be.

1

Axxion and the Temesfoi Lead Plaintiff Group are foreign investors that purchased securities of a foreign company on the German exchange. It would appear that the largest losses of the foreign movants were borne by Axxion. If so, the most practical leadership structure for this case would be a pairing of Axxion and Movants Chua and Biswas so that all disparate interests are represented right from the outset. This approach not only addresses the issues raised in *Rhodia,* but is consistent with the Second Circuit's recent dictate that different interests within a class warrant separate representation. *See Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 2007 U.S. App. LEXIS 23090, at *39-41 (2d Cir. Oct. 3, 2007).

In addition, this is exactly how the court dealt with this same issue in *In re Cable & Wireless, PLC,* 321 F. Supp 2d. 749 (E.D. Va. 2004). In *In re Cable & Wireless,* the court when considering competing motions for lead plaintiff filed by foreign investors and U.S. investors appointed both movants as co-lead plaintiffs and approved both movants' selection of counsel holding that "appointing [Mr.] Osinski and [the Ontario Teachers; Pension Plan] as lead co-plaintiffs, individual and institutional investors, members of the class who purchase the Defendant's ADRs and common stock will be adequately and fairly represented." *Id.* at 378

The U.S. investors within GPC Biotech Group are the only U.S. investors proposed as lead plaintiff by any of the movants. As such, U.S. investors Chua and Biswas are positioned to represent the interests of investors in GPC Biotech, and are not subject to any of the unique defenses that will be directed to both Axxion and the Temesfoi Lead Plaintiff Group. Therefore, the U.S. investors of the GPC Biotech Group respectfully submit that they should be appointed as the Lead Plaintiff for the United States investors and that the motions of Axxion and the Temesfoi Lead Plaintiff Group be denied to the extent they seek to represent both foreign and domestic investors.

2

## II.  ARGUMENT

### A.  The U.S. Investors of the GPC Biotech Group have the Largest Financial Interests of Any Applicant that also satisfies the Requirements for Rule 23

Here, the GPC Biotech Group acknowledges that the other movants claim larger financial interests. See *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) ("[A] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class.") However, the most adequate lead plaintiff must also comply with Rule 23 and must fairly and adequately protect the interests of the class and not be subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). At this time and in light of issues raised in *In re Rhodia*, only Movants Chua and Biswas of the GPC Biotech Group can fairly and adequately protect the interests of the absent U.S. class members and are not subject to any disputes as to whether subject matter jurisdiction exists.[3]

Applying the PSLRA's lead plaintiff provisions under the facts presented here are rendered somewhat more complex due to GPC Biotech's status as a foreign corporation. GPC Biotech is headquartered in Munich, Germany and its securities trade on the Deutsch Borse and the NASDAQ (as American Depositary Receipts). Under such circumstances, courts hold that the PSLRA's appointment of lead plaintiff provisions must be interpreted and applied with a specific eye towards class certification because the extraterritorial application of the federal securities laws involves certain inherent risks that "courts in this district and elsewhere have considered [] in a somewhat haphazard way." *In re Vivendi Universal S.A., Sec. Litig.*, 242 F.R.D. 76, 96 (S.D.N.Y. 2007); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2003). "[W]ithout the benefit of any

---

[3]  As set forth in the opening brief movants Chua and Biswas are friends who often discuss investing topic. Therefore, these individuals are not an unrelated group.

[] guidance from the Second Circuit [as to whether] the risk of nonrecognition by a foreign court as a factor relevant to whether…class treatment of foreign purchasers' claims is a superior method of adjudication," there is simply no doubt that defendants will later assert that the claims of the class should be dismissed for lack of subject matter jurisdiction and/or under a Rule 23 based *res judicata* analysis. *Vivendi*, 242 F.R.D. at 96.

**B.     Axxion and/or the Temesfoi Lead Plaintiff Group Should be Limited to Representing the European Investors**

Courts have developed two tests by which courts can determine whether extraterritorial application of the securities laws is permissible. See *In re Cable & Wireless, PLC*, 321 F. Supp 2d. 749 (E.D. Va. 2004). The "conduct test" is satisfied by allegations that the fraud committed within the United States directly caused losses outside the United States. The "effect test", is satisfied by allegations that the conduct outside of the United States has produced a substantial effect within the United States. *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F. 2d 1326 (2d. Cir. 1972). This Court should avoid appointing a foreign lead plaintiff as sole Lead Plaintiff only to find out later that it cannot demonstrate subject matter jurisdiction. This would create a substantial delay in the action, as a new Lead Plaintiff would have to step up at perhaps an advanced stage of the case, familiarize himself with all prior proceedings, and (along with the Court) deal with the implications of prior proceedings and decisions made by a Lead Plaintiff who lacked standing, and had not properly invoked the Court's subject matter jurisdiction. The better approach, as noted above, is to have foreign and domestic Lead Plaintiffs from the beginning who can work together. It would be expected that they could do so without material duplication of effort. Should the foreign Lead Plaintiff be dismissed from the action, the case could then go forward smoothly, and without major interruption. Numerous courts have appointed multiple lead plaintiffs so as to ensure continuity of

4

representation, and to reflect potential disparate interests. *In re Cable & Wireless, PLC*, 321 F. Supp 2d. 749 (E.D. Va. 2004). *See, e.g., Tice v. Novastar Fin., Inc.*, 2004 U.S. Dist. LEXIS 16800, at 29 (W.D. Mo. Aug. 23, 2004) (appointing institution and two individuals to "ensure a broader, more diverse representation of the class"); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 114 (D.N.J. 1999) (appointing individual and institutional investors as co-lead plaintiffs); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 U.S. Dist. LEXIS 5481, No. 00 Civ. 152, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (appointing three separate movants as co-lead plaintiffs and anticipating that each party would bring a "unique perspective" to the litigation); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C. D. Cal. 1999) (appointing an individual investor and an institutional investor as co-lead plaintiff to serve a broad range of interests), *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (commenting that the PSLRA "expressly contemplates the appointment of more than one plaintiff" regardless of whether the groups move jointly or independently). Here Axxion and Chua and Biswas, co-lead plaintiffs will not only pool financial resources, knowledge and experiences, but may also reap the "benefits of joint decision-making" when pressed with difficult choices that may arise in such large litigation matters. *Pirelli Armstrong Tire Corp.*, 2004 U.S. Dist. LEXIS 9571, 2004 WL 1179311, at *22 (quoting *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. at 45).

Faced with a very similar situation as here, the court in *In re Cable & Wireless, PLC Sec. Litig* appointed from competing motions for lead plaintiff, a U.S. investor and a foreign investor to represent the class of U.S. and foreign investors. Cable & Wireless is a British corporation. Its securities trade both on the London Stock Exchange and on the New York Stock Exchange. Several competing motions for lead plaintiff were filed which included a motion by a U.S. investor and a motion by a foreign investor. Recognizing that appointing only the U.S. investor as the lead plaintiff

5

was not ideal because he could not adequately represent foreign shareholders, and that the foreign shareholder with the largest loss may lack subject matter jurisdiction, the court appointed both movants as co-lead plaintiff and approved their respective counsel as co-lead counsel. Movants Chua and Biswas of the GPC Biotech Group are the only investors not subject to an attack of the grounds of subject matter jurisdiction and therefore should be appointed as the Lead Plaintiff for the United States investors.

### III. CONCLUSION

For the foregoing reasons, Movants Chua and Biswas respectfully request that the Court: (ii) appoint them as Co-Lead Plaintiff in the consolidated action; and (iii) approve their choice of Abbey Spanier Rodd & Abrams, LLP as Co-Lead Counsel.

Dated:    October 12, 2007
          New York, New York

Respectfully Submitted,

**ABBEY SPANIER RODD & ABRAMS, LLP**

By: _____
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Tel:  (212) 889-3700
Fax:  (212) 684-5191

Proposed Lead Counsel

Laurence D. Paskowitz, Esq.
Roy L. Jacobs, Esq.
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th floor
New York, New York 10016
(212) 685-0969

6