UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
ROBERT CORWIN, Individually, and On :
Behalf of All Others Similarly Situated, :
    :   Electronically Filed
            Plaintiff, :
    :   Civil Action No.: 1:07-cv-06728-DC
        v. :   (ECF Case)
    :
BERND R. SEIZINGER, MARTINE : Hon. Denny Chin
GEORGE, MARCEL ROSENCZWEIG, and :
GPC BIOTECH AG, :
    :
            Defendants. :
---------------------------------------------------------- x

*(Additional captions on the following pages)*

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF AXXION S.A. LUXEMBURG, ON BEHALF OF ITS AKROBAT FUND-
VALUE, FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL,
<u>AND IN OPPOSITION TO THE OTHER MOVANTS</u>

---------------------------------------------------------- x
ISTVAN TEMESFOI, Individually, and On : 
Behalf of All Others Similarly Situated, :
: Electronically Filed
Plaintiff, :
: Civil Action No.: 1:07-cv-07016-DC
v. : (ECF Case)
:
GPC BIOTECH AG, BERND R. SEIZINGER, : Hon. Denny Chin
MARTINE GEORGE and, MARCEL :
ROSENCZWEIG, :
:
Defendants. :
---------------------------------------------------------- x
AUDREY DANG, Individually, and On Behalf :
of All Others Similarly Situated, :
: Electronically Filed
Plaintiff, :
: Civil Action No.: 1:07-cv-07476-DC
v. : (ECF Case)
:
GPC BIOTECH AG, BERND R. SEIZINGER, : Hon. Denny Chin
MARTINE GEORGE and, MARCEL :
ROSENCZWEIG, :
:
Defendants. :
---------------------------------------------------------- x

## TABLE OF CONTENTS

Page

POINT I  AXXION IS THE MOST ADEQUATE PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE ENTIRE CLASS ............................................ 3

    A.    Axxion Has the Largest Financial Interest in the Litigation .......................................... 3

        1.    Axxion Has the Largest Investment Loss ............................................................ 4

        2.    Axxion Purchased the Largest Number of Net Shares and Expended the Most Net Funds .................................................................................. 5

    B.    Axxion Satisfies the Requirements of Rule 23 ................................................................ 6

On September 24, 2007, Axxion S.A. Luxemburg, on behalf of its Akrobat Fund-Value ("Axxion"), moved this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("Reform Act" or "PSLRA"), 15 U.S.C. §78u-4 *et seq.*, for consolidation of the related actions against GPC Biotech AG ("GPC"), appointment as lead plaintiff, and approval of its selection of Labaton Sucharow LLP as lead counsel. This is Axxion's opposition brief to the competing lead plaintiff/lead counsel motions filed by: (i) the Temesfoi Lead Plaintiff Group (the "Temesfoi Group"); and (ii) the GPC Biotech Investor Group.

## INTRODUCTION

As demonstrated in the opening brief filed by Axxion, the lead plaintiff appointment process is governed by the PSLRA. The PSLRA sets forth a very straightforward, three step process for the appointment of lead plaintiff. In the first step, the court identifies the "most adequate plaintiff", which is defined as the movant with the "largest financial interest" in the class claims. 15 U.S.C. § 78u-4(a)(3)(B)(i). In the second step, the Court determines whether that movant also meets the typicality and adequacy requirements of Rule 23 of the federal Rules of Civil Procedure. If such movant satisfies these requirements, it becomes the "presumptive lead plaintiff". In step three, competing lead plaintiff applicants may submit "proof" that proves that the presumptive lead plaintiff cannot adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cendant Sec. Litig.*, 264 F.3d 201, 262-64 (3d Cir. 2001).

The "largest financial interest," undefined in the Reform Act, has been construed by many courts to involve a weighing of the following four factors: (1) the number of shares of the subject securities purchased; (2) the number of net shares purchased; (3) the total net funds the plaintiffs expended during the class period; and (4) the approximate losses the plaintiffs suffered. *See Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313 (HB), 2005 WL 1278097, at *1 (S.D.N.Y.

May 31, 2005) (Baer, J.); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997).[1]

As demonstrated below, Axxion has a significantly larger financial interest under all four factors than the Temesfoi Group and the GPC Biotech Investor Group. Axxion, with losses of $1,832,888, far out paces the next largest, the Temesfoi Group, whose claimed loss is $878,676, and the GPC Biotech Investor Group, whose claimed loss is $165,278. In addition to loss, Axxion purchased 150,000 net shares during the Class Period. The Temesfoi Group purchased only 36,430 net shares and the GPC Biotech Investor Group purchased 11,500 net shares. Axxion also expended significantly more on shares of GPC during the Class Period.

The steps outlined in the PSLRA are sequential. After identifying the movant with the largest financial interest, which is Axxion, the Court must examine whether that movant satisfies the adequacy and typicality requirements of Rule 23. If it does, the inquiry ends there and Court should appoint Axxion as lead plaintiff. *See Sofran v. Labranche Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. Mar. 22, 2004) (Sweet, J.) (quoting *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002): "Once ... the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."); *Rozenboom v. Van Der Moolen Holding, N.V.,* 2004 WL 816440 (S.D.N.Y. Apr 14, 2004) (Sweet, J.) (same); *In re Warnaco Group, Inc. Sec. Litig.*, No. 00 Civ. 6266 (LMM), 2004 WL 1574690, at *1 (S.D.N.Y. July 13, 2004) (McKenna, J.) ("The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."). Axxion, a

---

[1] These four factors are sometimes referred to as "*Lax* factors," as they were first articulated in *Lax v. First Merch. Acceptance Corp.*

2

sophisticated institutional investor managing over two billion Euros in assets, is the quintessential lead plaintiff envisioned by Congress in passing the Reform Act. It is also unquestionably adequate and typical, as demonstrated in its opening brief. Axxion has the largest financial interest in this litigation, meets the requirements of Rule 23, and should be appointed lead plaintiff in this litigation.

ARGUMENT

POINT I

AXXION IS THE MOST ADEQUATE PLAINTIFF AND
SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE ENTIRE CLASS

A.   Axxion Has the Largest Financial Interest in the Litigation

As noted, the touchstone of the lead plaintiff process involves a determination of which lead plaintiff applicant has the "largest financial interest" in the recovery sought by the class. Courts within this District use a four factor test for the purpose of determining the financial interest of lead plaintiff movants. *See, e.g., Kaplan v. Gelfond,* No. 06 Civ. 6128, 2007 WL 162488, at *3 (S.D.N.Y. Jan. 18, 2007) (Buchwald, J.); *Weiss v. Friedman, Billings, Ramsey Group, Inc.,* No. 05 Civ 4617, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.); *In re eSpeed Sec. Litig.* 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (Scheindlin, J.); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.,* 229 .F.R.D. 395, 404 (S.D.N.Y 2004) (Sweet, J.).

The following chart presents the four factors as applied to the movants, based on the data provided in the motion papers:

3

|  | Shares Purchased During Class Period | Net Shares Purchased During Class Period or (Net Shares Sold) | Total Net Funds Expended During Class Period (Net Gain) | Loss |
|---|---|---|---|---|
| Axxion | 150,000 | 150,000 | $3,963,658 | $1,832,888 |
| Temesfoi Group | 67,518[2] | 36,430 | 1,300,166 | 878,676[3] |
| GPC Biotech Investor Group | 59,410 | 11,500 | 307,452 | 165,278[4] |

Axxion far exceeds the Temesfoi Group and the GPC Biotech Investor Group in *every* factor, and therefore clearly has the largest financial interest in the litigation.

1.      Axxion Has the Largest Investment Loss

Many courts throughout the country have held that the size of a movant's investment loss is the most important of the four factors. *See, e.g., Kaplan v. Gelfond,* 2007 WL 162488, at *3 ("Although courts have differed on how much weight to assign to each of the *Lax* factors, we, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *Weiss v. Friedman, Billings, Ramsey Group, Inc.,* 2006 WL 197036 ("The amount of financial loss is the most significant of [the *Lax* test] elements") (quoting *In re Vicuron Pharm. Sec. Litig.,* 225 F.R.D. 508, 510-11 (E.D. Pa. 2004)); *Takara Trust v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D Ill. 2005) (in determining the largest financial

---

[2] Excludes group member Elmar Rempel's option trades in the analysis of number of shares purchased for those call options which expired (or will expire) worthless.

[3] Loss as calculated by converting trades from Euros to dollars as of each trading day, although the Temesfoi Group converted its total loss from Euros to dollars in its initial brief per the exchange rate as of the date of filing of its lead plaintiff motion. The Temesfoi Group's loss converted as of the exchange rate of September 24, 2007 is $951,759. We believe a day-to-day conversion more closely mirrors the economic reality of the transactions. Axxion's loss increases to $1,973,865 when converted as of the exchange rate of September 24, 2007.

[4] Loss as calculated by converting trades from Euros to dollars as of each trading day, although the GPC Biotech Investor Group converted its total loss from Euros to dollars in its initial brief per the exchange rate as of the date of filing of its lead plaintiff motion. The GPC Biotech Investor Group's loss converted as of the exchange rate of September 24, 2007 is $174,558.

4

interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses"); *In re Bally Total Fitness Sec. Litig.*, No. 04 Civ 4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005). Here, Axxion has suffered losses of $1,832,888. The Temesfoi Group's loss is less than half the size of Axxion's loss. The GPC Biotech Investor Group's loss is eleven times smaller than Axxion's loss. Axxion therefore has substantially larger investment losses than the other movants.

  **2.**  Axxion Purchased the Largest Number of
     Net Shares and Expended the Most Net Funds

Courts have long held that a "net purchaser will, presumably, have a greater interest in the litigation, because he or she was induced by the fraud to purchase shares . . .and has been left 'holding the bag' when the fraudulent inflation is revealed." *Andrada v. Atherogenics, Inc.*, 2005 WL 912359, *4 (S.D.N.Y. April 19, 2005) (Holwell, J.) (quoting *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal.1999)). Indeed, some courts equate largest financial interest with the "net shares purchased" factor. *See In re Critical Path,* 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (where fraud premium stays constant throughout class period, the "number of net shares purchased is determinative."); *In re Network Assocs.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("The test simply reduces to the net number of shares bought and sold during the class period."); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 374 (E.D. Va. 2003); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945 (N.D. Ill. 2001). The rationale for these holdings is straightforward and intuitive: sales of shares during the class period, at a time when the share prices are alleged to be artificially inflated by defendants' misrepresentations, benefit from the alleged wrongdoing. *See In re Comdisco*, 150 F. Supp. 2d at 945 ("PASERS' Class Period *sales*

*at inflated prices* caused it to derive unwitting benefits *rather than true losses* from the alleged securities fraud") (emphasis added).

Axxion is a net purchaser of 150,000 shares of GPC stock – four times more than the Temesfoi Group's 36,430 net shares and thirteen times more than the GPC Biotech Investor Group's 11,500 net shares. Axxion expended $3,963,658 during the Class Period, whereas the Temesfoi Group expended only $1,300,166 in net funds and the GPC Biotech Investor Group expended only $307,452 in net funds. Axxion has been left "holding the bag" as a result of GPC's fraudulent conduct and therefore has the largest financial interest in this litigation.

In addition, the Temesfoi Group and the GPC Biotech Investor Group have not submitted any evidence that they are anything more than an aggregation of unrelated investors cobbled together for the purpose of achieving appointment as lead plaintiff. The losses of each group's individual members should therefore not be aggregated for purposes of this motion. *See, e.g., In re Donnkenny Inc. Sec. Litig.,* 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (Cederbaum, J.) (finding that to allow an aggregation of unrelated plaintiffs to serve as lead plaintiff contravenes the PSLRA's purpose of eliminating lawyer-driven litigation); *In re Razorfish, Inc. Sec. Litig.,* 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (Rakoff, J.).

Because it has suffered the largest investment loss, purchased the largest number of net shares, expended the most net funds, and purchased the most shares during the Class Period, Axxion indisputably has the largest financial interest in the relief sought by the Class.

**B.**     Axxion Satisfies the Requirements of Rule 23

Once the court has determined the lead plaintiff with the largest financial interest in the litigation, it next determines whether that plaintiff preliminarily meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Sofran v. Labranche Co.*, 220 F.R.D. at 402 ("Once ... the court

6

identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.") (internal citation omitted).

As demonstrated in its opening brief, Axxion readily meets the adequacy and typicality requirements of Rule 23. *See* Axxion Opening Br. at 6-8. Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); s*ee also Oxford Health,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (same). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004). Here, Axxion is typical because it purchased GPC shares during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) was damaged by defendants' alleged violations of the federal securities laws.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to determining: (1) that there is no conflict between the interests of the class and the named plaintiff nor collusion among the litigants; and (2) that the parties' attorney is qualified, experienced, and generally able to conduct the proposed litigation. *Sofran*, 220 F.R.D. at 402-03. As detailed above, Axxion shares common questions of law and fact with the members of the Class and their claims are typical of the claims of other Class members. Further, Axxion has already taken significant steps demonstrating that it has and will protect the interests

7

of the Class: it has executed a sworn Certification detailing its Class Period transactions and expressing its willingness to serve as Lead Plaintiff; it has moved this Court to be appointed as Lead Plaintiff in this Action; and it has retained competent and experienced counsel who will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust,* 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (discussing adequacy requirement). Furthermore, Axxion has the largest known financial interest which gives it "an incentive to prosecute the action vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Finally, Axxion's attorneys, Labaton Sucharow, have a national reputation for successfully prosecuting complex securities class actions. *See* Axxion Opening Br. at 9; *see also* Firm Resume, attached to Ellman Decl, Ex. D. Thus, Axxion, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Having established that it has the largest financial interest in the relief sought by the Class and that it satisfies the requirements of Rule 23, the Court should appoint Axxion as lead plaintiff in this litigation.

CONCLUSION

For the foregoing reasons, Axxion respectfully requests that this Court: (i) consolidate the related actions; (ii) appoint Axxion as Lead Plaintiff in the action; and (iii) approve Axxion's selection of Labaton Sucharow LLP as Lead Counsel for the Class.

Dated:  October 12, 2007                                    Respectfully submitted,

                                                          LABATON SUCHAROW LLP

                                                          By:  /s/ *Christopher J. Keller*
                                                               Christopher J. Keller (CK-2347)
                                                               Eric J. Belfi (EB-8895)
                                                               Andrei V. Rado (AR-3724)
                                                               Alan I. Ellman (AE-7347)
                                                        140 Broadway
                                                        New York, New York  10005
                                                        Telephone:  (212) 907-0700
                                                        Facsimile:  (212) 818-0477

                                                        *Counsel for Axxion and Proposed Lead*
                                                        *Counsel for the Class*

                                                        Marc Schiefer
                                                        Tilp PLLC
                                                        140 Broadway
                                                        New York, New York 10005

                                                        *Counsel for Axxion*