Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

*Attorneys for Movants and*
*[Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT CORWIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BERND R. SEIZINGER, MARTINE GEORGE, MARCEL ROSENCZWEIG and GPC BIOTECH AG,<br><br>Defendants. | CASE NO. 07 CV 6728<br><br>*Document Electronically Filed* |

***(Additional Captions on the Following Page)***

**MEMORANDUM OF LAW IN OPPOSITION**
**TO COMPETING LEAD PLAINTIFF MOTIONS**

| | |
|---|---|
| ISTVÀN TEMESFOI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG,<br><br>Defendants. | CASE NO. 07 CV 7016<br><br>*Document Electronically Filed* |
| AUDREY DANG, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG,<br><br>Defendants. | CASE NO. 07 CV 7476<br><br>*Document Electronically Filed* |

# TABLE OF AUTHORITIES

***Cases***

*In re Cavanaugh*,
306 F.3d 726, (9th Cir. 2002) . . . . . . . . . . 2

*In re Cendant Corp. Litigation*,
264 F.3d 201 (3d Cir. 2001) . . . . . . . . . . 2

*In re Host America Corp. Sec. Litig.*,
236 F.R.D. 102 (D. Conn. 2006) . . . . . . . . . . 2

*In re Organogenesis Sec. Litig.*,
241 F.R.D. 397 (D. Mass. 2007) . . . . . . . . . . 6

*Weisz v. Calpine Corp.*,
No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) . . . . . . . . . . 4

***Statutes***

15 U.S.C. § 78u-4(a)(2)(A)(iv) . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb) . . . . . . . . . . 3

15 U.S.C. § 78u-4(a)(3)(B)(iv) . . . . . . . . . . 5

Class Members Istvan Temesfoi, Stefan Ganswindt, Tobias Wenk, Elmar Rempel and Matthias Lenardt (together, "Movants" or the "Temesfoi Lead Plaintiff Group") respectfully submit this memorandum of law in opposition to the competing applicants' motions for appointment of lead plaintiffs and lead counsel. As shown below, the Temesfoi Lead Plaintiff Group is the best-suited proposed lead plaintiff, and accordingly their application should be granted and the competing applications should be denied.

# I.

# INTRODUCTION

The Court has received three competing applications from movants seeking appointment as lead plaintiffs and requesting that their attorneys be appointed lead counsel in these securities class actions.[1] On the face of those applications, the Temesfoi Lead Plaintiff Group is the proposed lead plaintiff with the second-largest financial interest in this case, with estimated losses in the aggregate of approximately $928,150.40. As shown below, however, Axxion, the party purportedly with the largest financial interest, has submitted a crafty and incomplete certification that deliberately failed to disclose certain relevant information about Axxion and its GPC stock transactions.

Even if Axxion is able to resuscitate its defective certification, which it should not be permitted to do, Axxion still cannot serve as a lead plaintiff because it suffers from hardships that will impair its ability to serve as an adequate lead plaintiff. As a result, and because the Temesfoi Lead Plaintiff Group otherwise satisfies the relevant Rule 23 prerequisites, this Court

---

[1] Aside from the Temesfoi Lead Plaintiff Group, the competing lead plaintiff applicants are: (i) Axxion S.A. Luxembourg, apparently on behalf of its Akrobat Fund-Value ("Axxion"); and (ii) Agamemnon Chua, Dhruvajyoti Biswas, Koernig Kron and Frank Von Templehoff (the "Chua GPC Group").

should appoint as lead plaintiff the investor with the next-largest financial interest in this matter – the Temesfoi Lead Plaintiff Group.

## II.

## ARGUMENT

The Court has already received several briefs concerning the manner of selecting a lead plaintiff under the PSLRA. The process involves looking at the proponent with the largest financial interest and examining whether there are any material issues that would disqualify it to serve as lead plaintiff. If there are none, then the Court appoints the applicant with the largest financial interest as the lead plaintiff. *See In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 105 (D. Conn. 2006) (discussing the process of selecting the lead plaintiff); *In re Cendant Corp. Litigation*, 264 F.3d 201, 263-64 (3d Cir. 2001) (same); *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002) (same). If there are defects that rebut the presumptive adequacy of the leading applicant, the Court proceeds to the applicant with the second-largest financial interest and performs the same analysis. *Id.* The process ends when the court has arrived at the lead plaintiff applicant with the largest financial interest who also satisfies the applicable Rule 23 adequacy and typicality standards.

As shown below, Axxion does not meet that standard, and the analysis should therefore proceed to the Temesfoi Lead Plaintiff Group. Because there is no meritorious basis for rejecting the Temesfoi Lead Plaintiff Group, it should be appointed lead plaintiff in this case.

### A. The Temesfoi Lead Plaintiff Group Is The Most Adequate Lead Plaintiff

As demonstrated in their opening motion, the Temesfoi Lead Plaintiff Group is adequate, and their claims are typical, within the meaning of Rule 23 and the PSLRA. Among other things,

each member of the group has committed himself to the prosecution of this litigation and has submitted a sworn certification to that effect; all members have retained competent counsel experienced in securities fraud class actions; and there are no conflicts of interest between their claims and those of the larger Class.

In addition to providing the best possible representation of the Class, the Temesfoi Lead Plaintiff Group's losses exceed those of the Chua GPC Group. Moreover, as shown below, Axxion is an inadequate proposed lead plaintiff.

For these reasons, the Temesfoi Lead Plaintiff Group is presumptively the most adequate lead plaintiff. It is axiomatic that the presumption that the investor with the largest loss should be lead plaintiff should be rebutted by showing that the Temesfoi Lead Plaintiff Group is inadequate or its claims atypical because it "will not fairly and adequately protect the interests of the class" or because they are "subject to 'unique defenses' that render [them] incapable of adequately representing the class." *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *5 (N.D. Cal. Aug. 19, 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb)). None of the members of the Temesfoi Lead Plaintiff Group, however, suffer from any colorable infirmities that would justify a departure from the statutory presumption enacted by Congress. Since it otherwise meets the applicable Rule 23 requirements, and because there is no meritorious basis for rejecting it, the Temesfoi Lead Plaintiff Group should be appointed lead plaintiff and selection of co-lead counsel should be approved.

**B. Axxion Is An Inadequate And Atypical Plaintiff**

Axxion is an inadequate plaintiff for a number of reasons. The language in its sworn certification is problematic and inconsistent with the identity of the proposed lead plaintiff.

Oddly, Axxion's counsel has asserted that "Akrobat Fund-Value" is the movant and proposed lead plaintiff. If one is to examine the text of the sworn certification submitted by Mr. Mertes of Axxion, however, one finds no mention of this purported entity. Instead, Mr. Mertes's testimony is that "Axxion has" certain relevant transactions, deliberately deploying vague language that appears to conceal some information. Mr. Mertes does not identify or state his relationship with "Akrobat Fund-Value" and provides no information about the relationship between Axxion and the proposed lead plaintiff. Instead, the Court is apparently supposed to take it on faith that there is such a relationship.

Axxion's website provides a possible explanation for Mr. Mertes's ambiguous language in his sworn certification. Mr. Mertes does not tell the Court that "Akrobat Fund-Value" is simply one subpart of a greater fund, called "Akrobat Fund," that has been a long term holder of GPC shares. *See* Declaration of Bernd Jochem, dated October 11, 2007 ("Jochem Decl."), submitted concurrently herewith. Axxion failed to disclosed that it held 315,135 shares of GPC securities by June 30, 2006, and that it held 585,135 shares of GPC securities by December 31, 2006. *See* Jochem Decl. By failing to disclose this information, Axxion seeks to avoid consideration of a complete record of its trading that might show, for example, that Akrobat Fund may not in fact have suffered any recognized losses on the sales of its GPC shares. Because Axxion and its counsel have decided to play games with the certification, however, we simply do not know.

It is also clear that Axxion deliberately modified standard certification language so that it would only have to reveal *some* information about transactions undertaken under its management or supervision. The language used by Mr. Mertes –"Axxion has transactions in the securities of

GPC as reflected in Exhibit A" – was crafted to allow Axxion to omit information about itself. Such lawyering naturally begs the question: What else is Axxion not telling us?[2]

A movant cannot pick and choose which trades to disclose. By failing to disclose all trades made during the Class Period, Axxion violated the PSLRA, which states that certifications must provide "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv).

Because Axxion may be engaging in a manipulation of its data and appears to be seeking to circumvent the certification requirement, its certification should be disregarded, and the Court should simply move to the next applicant.[3]

**C. Other Proposed Lead Plaintiffs Are Not Entitled To Be Appointed**

The other proposed lead plaintiff group is also not a suitable lead plaintiff. The Chua GPC Group purports to have suffered losses of $174,351, a loss that is decidedly smaller than that of this Movant. Additionally, the Chua GPC Group asserts that it will best represent the class because it is comprised of both domestic and foreign investors. We note that by including in its group two German investors, the Chua group is acknowledging the that foreign investors are just as appropriate lead plaintiffs as domestic investors.

---

[2] In light of the reasonable basis for rebutting the presumption favoring Axxion, the Temesfoi group respectfully requests leave to take discovery of Axxion. *See* 15 U.S.C. 78u-4(a)(3)(B)(iv) (discovery permitted if there is a reasonable basis for questioning presumptive adequacy.) In particular, we respectfully request a production of all documents relating to all transactions in GPC securities by any entity under the management or control of Axxion, all documents concerning any business relationships between Axxion and GPC, and a deposition of Mr. Mertes.

[3] *See generally, In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 401 (D. Mass. 2007) (changing certifications and share data hurts credibility, can reveal that the plaintiff has no damages, and can prevent certification.).

We are also constrained to note that the certification of "Koernig-Kron" fails to identify anything about him or her, including where he or she is located, or his or her first name. This shortcoming, and counsel's lack of specificity in identifying this person in the papers, may suggest that counsel has no meaningful representational relationship with this person, and therefore, that the group is purely lawyer driven. It should also be considered inadequate because the lack of information prevents competing applicants from having a fair opportunity to identify this person and to attempt to ascertain his or her suitability.

## III.

## CONCLUSION

For all of the foregoing reasons, in addition to those set forth in their opening motion, Movants respectfully request that this Court consolidate the above-captioned actions, appoint the Temesfoi Lead Plaintiff Group as Lead Plaintiffs, and approve Movants' selection of Shalov Stone Bonner & Rocco LLP as lead counsel for the class in this action and in any related actions.

Dated: October 12, 2007

Respectfully submitted,

**SHALOV STONE BONNER & ROCCO LLP**

/s/ Ralph M. Stone
Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
485 Seventh Avenue, Suite 1000
New York, NY 10018
(212) 239-4340

*Attorneys for Movants and*
*[Proposed] Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

THOMAS G. CIARLONE, JR., of full age, hereby certifies:

1. I am an attorney at law admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

2. On October 12, 2007, I electronically filed the within Memorandum of Law In Opposition to Competing Lead Plaintiff Motions, and Declaration of Bernd Jochem In Support of the Temesfoi Lead Plaintiff Group's Opposition to Competing Lead Plaintiff Motions with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James Patrick Tallon, II, Esq.
John Christian Scalzo, Esq.
Tai Hyun Park, Esq.
**Shearman & Sterling LLP**
599 Lexington Avenue
New York, NY 10022
jtallon@shearman.com
John.scalzo@shearman.com
tpark@shearman.com

*Attorneys for Defendants*

Nancy Kaboolian, Esq.
**Abbey Spanier Rodd & Abrams, LLP**
212 East 39th Street
New York, NY 10016
nkaboolian@abbeygardy.com

*Attorneys for Robert Corwin*

Evan J. Smith, Esq.
**Brodsky & Smith, LLC**
240 Mineola Boulevard
Mineola, NY 11501
esmith@brodsky-smith.com

*Attorneys for Audrey Dang*

Christopher J. Keller, Esq.
Labaton & Sucharow LLP
100 Park Avenue
New York, NY 10017
ckeller@labaton.com

*Attorneys for Axxion*

3. On October 12, 2007, I caused the aforesaid documents to be sent by first-class mail to the following non-ECF parties:

Laurence D. Paskowitz, Esq.
**Paskowitz & Associates**
60 East 42nd Street, 46th Floor
New York, NY 10016

Roy L. Jacobs, Esq.
**Roy Jacobs & Associates**
60 East 42nd Street, 46th Floor
New York, NY 10016

*Attorneys for Robert Corwin*

Richard A. Maniskas, Esq.
D. Seamus Kaskela, Esq.
Schffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087

*Attorneys for Audrey Dang*

Marc Schiefer, Esq.
Tilp PLLC
140 Broadway
New York, NY 10005

*Attorneys for Axxion*

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Thomas G. Ciarlone, Jr.
Thomas G. Ciarlone, Jr.