UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
ROBERT CORWIN, Individually, and On : 
Behalf of All Others Similarly Situated, :
 : Electronically Filed
         Plaintiff, :
 : Civil Action No.: 1:07-cv-06728-DC
         v. : (ECF Case)
 :
BERND R. SEIZINGER, MARTINE : Hon. Denny Chin
GEORGE, MARCEL ROSENCZWEIG, and :
GPC BIOTECH AG, :
 :
         Defendants. :
---------------------------------------------------------- x

*(Additional captions on the following pages)*


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF AXXION S.A. LUXEMBURG, ON BEHALF OF ITS AKROBAT FUND-
VALUE, FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
------------------------------------------------------- x
ISTVAN TEMESFOI, Individually, and On   :
Behalf of All Others Similarly Situated, :
                                         :   Electronically Filed
                                         :
            Plaintiff,                   :
                                         :   Civil Action No.: 1:07-cv-07016-DC
       v.                                :   (ECF Case)
                                         :
GPC BIOTECH AG, BERND R. SEIZINGER,     :   Hon. Denny Chin
MARTINE GEORGE and, MARCEL               :
ROSENCZWEIG,                             :
                                         :
            Defendants.                  :
------------------------------------------------------- x
AUDREY DANG, Individually, and On Behalf :
of All Others Similarly Situated,        :
                                         :
                                         :   Electronically Filed
            Plaintiff,                   :
                                         :   Civil Action No.: 1:07-cv-07476-DC
       v.                                :   (ECF Case)
                                         :
GPC BIOTECH AG, BERND R. SEIZINGER,     :   Hon. Denny Chin
MARTINE GEORGE and, MARCEL               :
ROSENCZWEIG,                             :
                                         :
            Defendants.                  :
------------------------------------------------------- x
```

**TABLE OF CONTENTS**

I.  THE TEMESFOI GROUP'S SPECULATION CANNOT REBUT THE
    PRESUMPTION THAT AXXION IS THE MOST ADEQUATE PLAINTIFF ................ 2

    A.   The Value and Europa Funds are Separate Legal Entities ...................................... 4

    B.   Axxion Has Attorney-In-Fact Authority to Move for Lead Plaintiff on Value's
         Behalf .................................................................................................................... 5

II. AXXION IS NOT SUBJECT TO A UNIQUE DEFENSE ................................................. 6

III. THE TEMESFOI GROUP AND GPC BIOTECH INVESTORS GROUP ARE
     IMPERMISSIBLE AGGREGATIONS ............................................................................... 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Borochoff v. Glaxosmithkline PLC*,
    2007 U.S. Dist. LEXIS 74621 (S.D.N.Y. Oct. 5, 2007) ............................................................. 7

*In re Cable & Wireless, PLC*,
    321 F. Supp. 2d 372 (E.D. Va. 2004) ....................................................................................... 8

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................... 3

*In re Donnkenny Inc. Sec. Litig.*,
    171 F.R.D. 156 (S.D.N.Y. 1997) ............................................................................................... 8

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................................. 5

*In re Fannie Mae Sec. Litig.*,
    355 F. Supp. 2d 261 (D.D.C 2005) ........................................................................................... 3

*In re Gaming Lottery Sec. Litig.*,
    58 F. Supp. 2d 62 (S.D.N.Y. 1999) ........................................................................................... 6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y 2007) ............................................................................................. 5,6

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) .................................................................................................. 4

*In re Nortel Networks Corp. Sec. Litig.*,
    No. 01 Civ. 1855 (RMB) 2003 WL 22077464 (S.D.N.Y Sept. 8, 2003) .................................. 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................. 8

*In re Razorfish, Inc. Sec. Litig.*,
    143 F. Supp. 2d 304 (S.D.N.Y. 2001) ....................................................................................... 8

*Sofran v. LaBranche & Co., Inc.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................................... 3

*In re Vivendi Universal, S.A. Sec. Litig.*,
    241 F.R.D 213 (S.D.N.Y 2007) ................................................................................................. 7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................................6

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(i) .........................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb) ....................................................................................2

Fed. R. Civ. P. 23 ............................................................................................................................2

**INTRODUCTION**

Axxion S.A. Luxemburg, as attorney-in-fact with full authority to act on behalf of the Akrobat Fund-Value ("Axxion"), respectfully submits this reply memorandum in further support of its motion to be appointed lead plaintiff and in reply to the opposition submitted by the Temesfoi Lead Plaintiff Group (the "Temesfoi Group") and the GPC Biotech Investors Group ("GPC Biotech Group").

Axxion overwhelmingly has the largest financial interest in the relief sought by the class with losses of $1,832,888, more than double the claimed losses of the Temesfoi Group and more than eleven times greater than the claimed losses of the GPC Biotech Group. In the face of these facts, which unequivocally establish that Axxion should be appointed lead plaintiff pursuant to the statutory criteria, the Temesfoi Group stridently speculates, without a scintilla of evidence, that Axxion has withheld information about its transactions in GPC, purportedly by not including transactions in another fund under its control. This argument ignores the fact that the funds Axxion manages are distinct legal entities whose gains and losses should not be netted (indeed, it would be improper to do that). The attached Declaration of Roman Mertes, Managing Director of Axxion, confirms that the Akrobat Fund-Value ("Value"), the entity that is moving for lead plaintiff, is legally distinct from the Akrobat Fund-Europa ("Europa") (the fund whose transactions the Temesfoi Group claims should have been included).

In any event, to silence the Temesfoi Group's speculation that Europa's transactions in GPC securities were purposefully omitted to hide investment gains that should have been netted against the Value fund's losses, Axxion attaches a loss analysis of Europa's transactions in GPC securities, which demonstrate that Europa has a **loss of approximately €461,690.**

1

The Temesfoi Group also speculates that Axxion may lack authority to move on behalf of the Value fund. The declaration submitted herewith refutes this speculation. Axxion has full authority to seek appointment as lead plaintiff in this action on behalf of the Akrobat Fund-Value, is the movant with the largest financial interest, satisfies the adequacy and typicality requirements of Rule 23, and should be appointed lead plaintiff in this action.

The GPC Biotech Group argues that Axxion is subject to a unique defense because of "issues as to the court's subject matter jurisdiction over the claims of foreign investors." Notwithstanding that the issue is premature at this stage, courts in this District have appointed foreign investors as class representatives over class actions that included foreign purchasers of a foreign company's shares on a foreign exchange. The argument that a court may not ultimately certify a class comprised of foreign citizens does not present a defense unique to Axxion – the argument is against **all** foreign institutions, which form a large proportion of the class as it is currently defined.

## ARGUMENT

### I. THE TEMESFOI GROUP'S SPECULATION CANNOT REBUT THE PRESUMPTION THAT AXXION IS THE MOST ADEQUATE PLAINTIFF

Axxion's financial interest in the outcome of this litigation is indisputably larger than that of any other movant for lead plaintiff and it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, making Axxion the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see* Axxion Opp. Mem. at 3-8. That presumption may only be rebutted upon "**proof**" by a competing lead plaintiff movant that Axxion cannot fairly and adequately represent the class or is subject to unique defenses rendering it incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

2

This is a high standard that is rarely met because courts interpret the statute to mean what it says. Accordingly, "conclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …." *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-325 (S.D.N.Y. 2004) (Stein, J.) (appointing movant with largest loss in the securities purchased during the class period, and finding attempted rebuttal not successful); *see e.g., Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (Sweet, J.) (emphasizing that the PSLRA requires proof of inadequacy, not speculation); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263-64 (D.D.C. 2005) (same).

The vituperative attacks against Axxion lack any factual basis and are speculative on their face. For example, the Temesfoi Group claims (incorrectly) that Axxion omitted information that "might show" that the Akrobat funds had a gain rather than a loss on its GPC investment. Temesfoi Group Opp. at 4. The Temesfoi Group also pretends there is no evidence of a connection between Axxion and the Akrobat Fund-Value, feigns ignorance as to what such relationship might be, but then speculates that maybe Axxion disclosed in its certification only "some information about transactions undertaken **under its management or supervision**." Temesfoi Group Opp. at 4 (emphasis added). It concedes that whether such additional transactions in fact exist is something that "we simply do not know." *Id*. at 4. Fittingly, the Temesfoi Group's baseless diatribe ends with the patently speculative punchline, "What else is Axxion not telling us?" *Id*. at 5. The answer is, nothing. Axxion's initial submission did not withhold any relevant information, and the irrelevant information whose absence the Temesfoi Group complains about (included herewith) demonstrates that its speculation that Axxion is hiding gains is wrong.

The Temesfoi Group's patent speculation is not the "proof" demanded by the statute (or, arguably, the factual basis required by Rule 11), and, accordingly, it has not met its burden of demonstrating why Axxion should not be appointed.

### A. The Value and Europa Funds are Separate Legal Entities

The Declaration of Roman Mertes confirms that Axxion's Akrobat Fund-Value and Akrobat Fund-Europa are legally independent entities. An investment advisor is not required to move for lead plaintiff with all of its funds that own stock in the defendant issuer. *See In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 n.5 (D. Del. 2005) ("Metzler is a German investment advisor/manager and asserts that it is acting as attorney in fact for investors in two specific funds, its MI-FONDS 208 fund and its MI-FONDS 705 fund."). Roman Mertes, the managing director of Axxion, states in his declaration, attached hereto as Exhibit 1 ("Mertes Decl."), that Value and Europa "are special assets/partial funds in the umbrella Akrobat Fund. Akrobat, Value, and Europa are legally dependent on Axxion to act. **As between themselves, Value and Europa are legally independent entities**." *See* Mertes Decl. ¶ 4 (emphasis added). Therefore, despite Europa's purchase of GPC stock, Axxion was not required to either move on behalf of Europa or include Europa's transactions in its loss analysis. Axxion did not disclose Europa's holding in GPC because Europa did not move for lead plaintiff.

Notwithstanding that Axxion had no obligation to provide Europa's transactions in GPC, Axxion has elected to include them here to silence any additional speculation by the Temesfoi Group. Attached hereto as Exhibit A to the Mertes Declaration is a loss analysis of Europa's transactions in GPC. *See* Mertes Decl. ¶ 6. Europa suffered a **loss of approximately €461,690**, which puts Axxion in the lead in the "largest financial interest" standings by an even bigger margin than if only the Value fund's losses are included in Axxion's motion. *See* Mertes Decl., Ex. A. In addition, the Akrobat Fund "has no other funds under its umbrella besides Value and

4

Europa." Mertes Decl. ¶ 4. Therefore, the Temesfoi Group's argument that "Axxion seeks to avoid consideration of a complete record of its trading that might show. . . that Akrobat Fund may not in fact have suffered any recognized losses on the sales of its GPC shares" is not only speculative, but wrong. *See* Temesfoi Group Opp. at 4.[1]

### B. Axxion Has Attorney-In-Fact Authority to Move for Lead Plaintiff on Value's Behalf

The Temesfoi Group also questions whether Mr. Mertes can authorize Value's motion for lead plaintiff, and whether Axxion has authority to move for lead plaintiff on behalf of the Akrobat Fund-Value. *See* Temesfoi Group Opp. at 4. The Temesfoi Group lacks any factual basis to believe that Axxion lacks this authority.

Mr. Mertes makes clear in his declaration that he is the Managing Director of Axxion, which is the investment manager of the Akrobat Fund, and that he is an authorized signatory for the Akrobat Fund-Value. Mertes Decl. ¶ 3. He also states that "Axxion has full and complete authority and discretion to purchase and sell securities for the Akrobat Fund (comprised of Value and Europa)" and that "Axxion has attorney-in-fact authority to institute legal action on behalf of the Akrobat Fund, Value, and Europa, for investment losses, including filing a motion for appointment as lead plaintiff in the present action." Mertes Decl. ¶ 5.

An investment manager has standing to sue in order to recoup investment losses if it has attorney-in-fact authority and unrestricted decision making authority. *See Kaplan v. Gelfond,* 240 F.RD. 88, 95 (S.D.N.Y. 2007) (Buchwald, J.); *In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95 (S.D.N.Y. 2005) (Scheindlin, J.) ("In order for an investment advisor to attain standing

---

[1] Counsel for Axxion would gladly have provided the Temesfoi Group's counsel with clarification regarding these matters had it asked, which would have avoided burdening the Court with meritless argument. Instead, the Temesfoi Group's counsel chose to accuse another law firm of, essentially, knowingly perpetrating a fraud on the Court, without undertaking the slightest effort to find out if such a serious accusation was actually true. Accordingly, the Court should deny the Temesfoi Group's request for discovery of Axxion. *See* Temesfoi Group Opp. at 5, n.2.

5

on behalf of investors, the transactions in question must have been executed as if by a single person. Moreover, the advisor must be the attorney in fact for his clients, and he must be granted unrestricted decision-making authority and the specific right to recover on behalf of his clients."); *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D 248, 255 (S.D.N.Y. 2003) (Conner, J.) (concluding that investment advisor who was also attorney-in-fact for clients with unrestricted decision making authority and who had otherwise satisfied requirements under PSLRA for presumptive lead plaintiff had standing to pursue securities claims on behalf of investors.). A declaration stating that the investment manager or advisor was the attorney-in-fact with the authorization to bring suit to recover investment losses is sufficient to show attorney-in-fact authority. *Kaplan,* 240 F.RD. at 95 (holding that the declaration submitted by the investment adviser's Chief Compliance Officer was sufficient to establish attorney-in-fact authority, since it stated the adviser was "authorized to undertake all acts on behalf of [the five funds], including the right to commence legal action on their behalf, which includes the right to seek to serve as lead plaintiff in an action brought pursuant to the federal securities laws on their behalf.").

## II.    AXXION IS NOT SUBJECT TO A UNIQUE DEFENSE

The GPC Biotech Investor Group argues that its U.S. members should be appointed co-lead plaintiff along with Axxion because of "issues as to the court's subject matter jurisdiction over the claims of foreign investors." GPC Biotech Group Opp. at 1. No rule of law holds, however, that there is no subject matter jurisdiction over the claims of foreign investors who purchased stock of a foreign company on a foreign exchange. To the contrary, the same issue has arisen several times in this District, and courts here have appointed foreign investors as class representatives over class actions that included foreign purchasers of a foreign company's shares on a foreign exchange. *See In re Nortel Networks,* 2003 WL 22077464 (S.D.N.Y. 2003) (Berman, J.); *In re Gaming Lottery Sec. Litig.,* 58 F. Supp. 2d 62, 73-77 (S.D.N.Y. 1999)

(Patterson, J.).  In any event, this issue is confronted no earlier than the motion to dismiss stage and requires detailed analysis of the conduct at issue in the litigation, its connection to the U.S., and an analysis of foreign law.  Addressing it now would be premature.  The complexity of the analysis is highlighted by this District's most recent decision on foreign classes, where Judge Holwell certified a class of foreign investors from certain countries but not others, after an exhaustive analysis of numerous factors and multiple expert affidavits on various issues.  *See In re Vivendi Universal, S.A. Sec. Litig.,* 241 F.R.D. 213 (S.D.N.Y. 2007).

The *Vivendi* decision came at the class certification stage of that case, and, for this reason, Axxion respectfully disagrees with Judge Stanton's application of *Vivendi* at the lead plaintiff stage in *Borochoff v. Glaxosmithkline PLC*, 2007 U.S. Dist. LEXIS 74621 (S.D.N.Y. Oct. 5, 2007) (Stanton, J.).  The issue at the lead plaintiff stage is who should represent the class as it is currently defined.  Because the class definition presently includes all purchasers of GPC securities, regardless of citizenship, the argument that a court may not ultimately certify a class comprised of Luxemburgian citizens does not present a defense unique to a particular institution.  Rather the argument is against **all** non-domestic institutions, which forms a large proportion of the class as it is currently defined.  The Court in *Vivendi* did not rule on whether a foreign institution is adequate to represent a class that includes a large foreign constituency (which is the issue before this Court), but rather that a class comprised of German and Austrian members cannot be certified – regardless of the citizenship of the proposed representative. The issue addressed in *Vivendi* is not the same issue before this Court.

If the Court believes it appropriate to appoint the GPC Biotech Group's U.S. members as co-lead plaintiffs along with Axxion to protect the interests of the Class, Axxion would not oppose.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)

7

(Brieant, J.); *In re Cable & Wireless, PLC*, 321 F. Supp. 2d 372, 377-78 (E.D. Va. 2004) (appointing a foreign institution and a U.S. individual investor co-lead plaintiff).

### III. THE TEMESFOI GROUP AND GPC BIOTECH INVESTORS GROUP ARE IMPERMISSIBLE AGGREGATIONS

The Temesfoi Group and the GPC Biotech Group have not submitted any evidence that they are anything more than an aggregation of unrelated investors cobbled together for the purpose of achieving appointment as lead plaintiff. *See* Axxion Opp. at 6. The losses of each group's individual members should therefore not be aggregated for purposes of this motion. *See, e.g., In re Donnkenny Inc. Sec. Litig.,* 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (Cederbaum, J.) (finding that to allow an aggregation of unrelated plaintiffs to serve as lead plaintiff contravenes the PSLRA's purpose of eliminating lawyer-driven litigation); *In re Razorfish, Inc. Sec. Litig.,* 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (Rakoff, J.). No single member of the Temesfoi Group has a financial interest larger than $240,971 (incurred by Mr. Temesfoi), compared with Axxion's financial interest of more than $1.8 million. Under these circumstances it would be unprecedented to appoint the Temesfoi Group instead of Axxion, pursuant to the applicable statute.[2]

---

[2] Although the Temesfoi Group claims that Axxion, a large, regulated mutual fund management company with a publicly accessible website, did not provide sufficient information about itself, we note that the Court, and the other movants, know absolutely nothing about the five individuals that comprise the Temesfoi Group, such as who they are, where they live, and how/why they decided to move as a group.

8

**CONCLUSION**

For the foregoing reasons, Axxion respectfully requests that this Court: (i) consolidate the related actions; (ii) appoint Axxion as Lead Plaintiff in the action; and (iii) approve Axxion's selection of Labaton Sucharow LLP as Lead Counsel for the Class.

Dated:  October 22, 2007                                  Respectfully submitted,

**LABATON SUCHAROW LLP**

By:  /s/ *Christopher J. Keller*
    Christopher J. Keller (CK-2347)
    Eric J. Belfi (EB-8895)
    Andrei V. Rado (AR-3724)
    Alan I. Ellman (AE-7347)
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Axxion and Proposed Lead Counsel for the Class*

**TILP PLLC**

Marc Schiefer
140 Broadway
New York, New York 10005

c/o TILP Rechtsanwälte
Einhornstr. 21  72138
Kirchentellinsfurt, Germany
Tel.: +49-7121-90909-32
Fax: +49-7121-90909-81

*Counsel for Axxion*