Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

*Attorneys for Movants and*
*[Proposed] Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORWIN, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>BERND R. SEIZINGER, MARTINE GEORGE, MARCEL ROSENCZWEIG and GPC BIOTECH AG,<br><br>               Defendants. | CASE NO. 07 CV 6728<br><br>*Document Electronically Filed* |

*(Additional Captions on the Following Page)*

**THE TEMESFOI LEAD PLAINTIFF GROUP'S
REPLY MEMORANDUM OF LAW IN OPPOSITION
TO COMPETING LEAD PLAINTIFF MOTIONS**

| | |
|---|---|
| ISTVÀN TEMESFOI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG,<br><br>    Defendants. | CASE NO. 07 CV 7016<br><br>*Document Electronically Filed* |
| AUDREY DANG, Individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG,<br><br>    Defendants. | CASE NO. 07 CV 7476<br><br>*Document Electronically Filed* |

Plaintiffs and movants Istvan Temesfoi, Stefan Ganswindt, Tobias Wenk, Elmar Rempel and Matthias Lenardt (together, "Movants" or the "Temesfoi Lead Plaintiff Group") respectfully submit this reply memorandum in further support of the Temesfoi Lead Plaintiff Group's motion for appointment of lead plaintiffs and lead counsel, and in opposition to the motions submitted by Axxion and Chua GPC Group.[1]

## I.

## INTRODUCTION

As shown in their opening motion and opposition papers, the Temesfoi Lead Plaintiff Group is the best suited proposed lead plaintiff. Movants possess the second largest, and possibly the largest, financial interest in the case for the position of lead plaintiff, and is an entirely appropriate lead plaintiff under the law. Moreover, neither of other applicants for the position of lead plaintiff in this case are suitable proposed lead plaintiffs. In particular, Axxion is inadequate and atypical, as it failed to disclose all of its trading data, did not provide information about the relationship between itself and the proposed lead plaintiff, and modified language in its certification; and, the Chua GPC Group is an inadequate lead plaintiff because its losses are decidedly smaller than those of this movant.

**1.    The Temesfoi Lead Plaintiff Group Is An Appropriate and Superior Lead Plaintiff Group**

As already shown, the Temesfoi Lead Plaintiff Group is presumptively the most adequate lead plaintiff. It is the group with the second-largest, and possibly the largest, financial interest in this litigation, and it meets all of Rule 23's requirements. Neither Axxion nor the Chua GPC

---

[1] Unless otherwise noted, the defined terms used herein have the same meanings ascribed to them in the opening memorandum of law.

Group were able to rebut the fact that the Temesfoi Lead Plaintiff Group is adequate or its claims typical.

Axxion asserts that neither the members of the Temesfoi Lead Plaintiff Group, nor the Chua GPC Group should have their losses aggregated. Under applicable case law, plaintiff "groups" may be "aggregated" for purposes of assessing their financial interest. *See, e.g., Weltz v. Lee*, 199 F.R.D. 129, 132-133 (S.D.N.Y. 2001) (noting that "the majority of courts...have permitted the aggregation of claims for the purposes of becoming lead plaintiff" and naming a group consisting of seven shareholders as lead plaintiff); *In re American Bank Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000) ("The nomination of a group of investors is specifically contemplated by the PSLRA"); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (naming as lead plaintiff a group of six, and noting that appointing such groups is "contemplate[d]" by the PSLRA). Indeed, Axxion's own counsel has submitted such applications in numerous other cases. *E.g., Rozenboom v. Van der Moolen Holding, NV*, 2004 WL 816440, *5 (S.D.N.Y. April 14, 2004) (allowing "joint candidacy" proposed by Axxion's counsel).

We note that Axxion's counsel has not contacted the undersigned or made any effort to informally attempt to advise us that the arguments made in the opposition memorandum were erroneous.

While the Chua GPC Group did propose that its members be joined together with either Axxion or the Temesfoi Lead Plaintiff Group, so as to create a group composed of both foreign and domestic investors, this is not really an argument against the adequacy of the Temesfoi Lead Plaintiff Group but is instead simply an effort by the Chua GPC Group to attach themselves to it.

There is ample authority supporting the appointment of foreign persons as lead plaintiffs. *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp.2d 39, 45 (D. Mass. 2001) (rejecting arguments against foreign class representatives and naming as lead plaintiffs a group "comprised of foreign citizens."). In short, the Chua GPC Group's contention that a group composed of foreign investors cannot serve as a lead plaintiff has been rejected by a number of courts, has no justification in this case and it should be rejected by the Court.

2. **Axxion Is An Inadequate And Atypical Plaintiff**

Axxion contends that its financial interest in the litigation is larger than the Temesfoi Lead Plaintiff Group's interest. Of course, as of this writing, it is impossible to know what Axxion's true financial stake is since it engaged in crafty modifications to its certification. The Temesfoi Lead Plaintiff Group has previously shown that Axxion failed to provide all its data for trading in GPC stock during the Class Period. It is possible that if all trades are taken into account when calculating Axxion's losses, that Axxion may not have suffered any recognized losses on the sales of its GPC shares. If that is the case, the Temesfoi Lead Plaintiff Group would be the proposed lead plaintiff with the greatest losses. Regardless, the fact that Axxion neglected to disclose this vital information demonstrates its inadequacy as a lead plaintiff.

Even accepting Axxion's flawed loss calculation, Axxion is still inadequate and should not be named lead plaintiff. The language in its sworn certification is problematic and inconsistent with the identity of the proposed lead plaintiff. As we argued previously, the certification never mentions "Akrobat Fund-Value," nor does it explain Mr. Mertes' relationship with "Akrobat Fund-Value," or provide any information about the relationship between Axxion

and the proposed lead plaintiff. Additionally, the language of the certification was carefully crafted so that Axxion would not have to disclose all of its trading data.

### 3. The Chua/GPC Group

Here, there is no dispute that the collective losses of the Temesfoi Lead Plaintiff Group are larger than the losses suffered by the Chua GPC Group. While the Chua GPC Group recommended that the Court should pair it with either Axxion or with the Temesfoi Lead Plaintiff Group, the fact remains that by making such a recommendation, and by including foreign investors in its group, it recognizes and indeed supports the fact that foreign investors may be lead plaintiff in this litigation.

*Conclusion*

For all of the foregoing reasons, in addition to those set forth in the opening motion and opposition memorandum, the Temesfoi Lead Plaintiff Group respectfully requests that the Court: (i) appoint it lead plaintiff as described above; and (ii) approve its selection of Shalov Stone Bonner & Rocco LLP as lead counsel for the class in this action and in any related actions.

DATED:   October 22, 2007           Respectfully submitted,

                                    SHALOV STONE BONNER & ROCCO LLP


                                    By:   /s/ Ralph M. Stone
                                          Ralph M. Stone (rstone@lawssb.com)
                                          Thomas G. Ciarlone, Jr. (tciarlone@lawssb.com)
                                          Amanda C. Scuder (ascuder@lawssb.com)

                                    485 Seventh Avenue, Suite 1000
                                    New York, New York 10018
                                    (212) 239-4340
                                    Fax (212) 239-4310

                                    *Attorneys for Movants and*
                                    *[Proposed] Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

THOMAS G. CIARLONE, Jr., of full age, hereby certifies:

1. I am an attorney at law admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

2. On October 22, 2007, I electronically filed the within Reply Memorandum of Law In Opposition to Competing Lead Plaintiff Motions with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>James Patrick Tallon, II, Esq.
>John Christian Scalzo, Esq.
>Tai Hyun Park, Esq.
>**Shearman & Sterling LLP**
>599 Lexington Avenue
>New York, NY 10022
>jtallon@shearman.com
>John.scalzo@shearman.com
>tpark@shearman.com
>
>Nancy Kaboolian, Esq.
>**Abbey Spanier Rodd & Abrams, LLP**
>212 East 39th Street
>New York, NY 10016
>nkaboolian@abbeygardy.com
>
>Evan J. Smith, Esq.
>**Brodsky & Smith, LLC**
>240 Mineola Boulevard
>Mineola, NY 11501
>esmith@brodsky-smith.com
>
>Christopher J. Keller, Esq.
>**Labaton & Sucharow LLP**
>100 Park Avenue
>New York, NY 10017
>ckeller@labaton.com

3.  On October 22, 2007, I caused the aforesaid documents to be sent by first-class mail to the following non-ECF parties:

>   Laurence D. Paskowitz, Esq.
>   **Paskowitz & Associates**
>   60 East 42nd Street, 46th Floor
>   New York, NY 10016
>
>   Roy L. Jacobs, Esq.
>   **Roy Jacobs & Associates**
>   60 East 42nd Street, 46th Floor
>   New York, NY 10016
>
>   Richard A. Maniskas, Esq.
>   D. Seamus Kaskela, Esq.
>   **Schffrin Barroway Topaz & Kessler LLP**
>   280 King of Prussia Road
>   Radnor, PA 19087
>
>   Marc Schiefer, Esq.
>   Tilp PLLC
>   140 Broadway
>   New York, NY 10005

4.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>   /s/ Thomas G. Ciarlone, Jr.
>   Thomas G. Ciarlone, Jr.

2