UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
:                          ECF CASE
:                          07-cv-06728 (DC)

IN RE GPC BIOTECH AG SECURITIES        :   **SUPPLEMENTAL AFFIDAVIT OF**
LITIGATION                                 **BERNARD J. GARBUTT III**
:                          **IN FURTHER SUPPORT OF**
                                           **DEFENDANTS' MOTION**
:                          **TO DISMISS PLAINTIFFS'**
                                           **CONSOLIDATED**
                                           **CLASS ACTION COMPLAINT**
---------------------------------------- X

     Bernard J. Garbutt III, an attorney duly admitted to practice before this Court, being duly sworn, deposes and says:

    1.    I am a partner with the law firm of Morgan, Lewis & Bockius LLP, attorneys for the defendants in the above-captioned action, GPC Biotech AG ("GPC"), Bernd R. Seizinger, Mirko Scherer, Elmar Maier, and Sebastian Meier-Ewert (hereinafter, the "Defendants"). I am admitted to practice before this Court. I submit this affidavit in further support of Defendants' motion to dismiss Plaintiffs' Consolidated Class Action Complaint (the "Complaint") in this action, and to put before the Court certain documents used in support of Defendants' motion and referenced in the Complaint and/or subject to judicial notice.

    2.    Attached hereto as Exhibit "11"[1] is a true and correct copy of an April 2005 draft U.S. Food and Drug Administration ("FDA") guidance document entitled "Guidance for Industry Clinical Trial Endpoints for the Approval of Cancer Drugs and Biologics, Draft Guidance," publicly available at "http://www.fda.gov/ohrms/dockets/98fr/05d-0112-

---

[1] In connection with Defendants' opening memorandum of law, I submitted an affidavit attaching 10 exhibits. Therefore, in order to avoid confusion, the exhibits attached to this supplemental affidavit are numbered beginning with "11."

gdl0001.pdf," and notice of which was published in the Federal Register at 70 Fed. Reg. 17095 (Apr. 4, 2005) (also attached).

3. Attached hereto as Exhibit "12" is a true and correct copy of a May 2007 final FDA guidance document entitled "Guidance for Industry Clinical Trial Endpoints for the Approval of Cancer Drugs and Biologics," publicly available at "http://www.fda.gov/cber/gdlns/clintrialend.pdf," and notice of which was published in the Federal Register at 72 Fed. Reg. 27575 (May 16, 2007) (also attached).

4. Exhibits "11" and "12" are properly subject to judicial notice. "In deciding a motion to dismiss, a court may consider the pleadings and attached exhibits, documents incorporated by reference, *and matters subject to judicial notice.*" *Telenor East Invest AS v. Altimo Holdings & Invs., Ltd.*, --- F. Supp. 2d ---, No. 07 Civ. 4829 (DC), 2008 WL 782733, at *6 (Mar. 25, 2008) (*citing Prentice v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998)) (emphasis added). Federal Rule of Evidence 201 provides for judicial notice of facts that are "not subject to reasonable dispute in that [they] are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of the contents of the Federal Register and publicly available documents issued by government agencies such as the FDA. *See* 44 U.S.C. § 1507 (permitting courts to take judicial notice of Federal Register's contents); *Construction Laborers Pension Trust of Greater St. Louis v. Neurocrine Biosciences, Inc.*, No, 07CV1111-IEG-RBB, 2008 WL 2053733, at *6-7 (S.D. Cal. May 13, 2008) (taking judicial notice of an FDA guidance document in deciding a motion to dismiss); *Noble Asset Mgmt. v. Allos Therapeutics, Inc.*, No. CIVA-04CV-1030-RPM, 2005 WL 4161977, at *2, *7 (D. Colo. Oct. 20, 2005) (in securities fraud

case, considering public FDA guidance document in determining whether defendants made misleading statements); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754-55 n.2 (E.D. Pa. 2003) (taking judicial notice of FDA's published reports found on FDA website). Because the issuance of the FDA guidance documents attached as Exhibits "11" and "12" hereto are capable of accurate and ready determination by resort to publicly available sources (including the FDA website and the Federal Register), the Court may take judicial notice of them. Accordingly, Defendants respectfully request that the Court take judicial notice of Exhibits "11" and "12" described above.

     5.     Attached hereto as Exhibit "13" is a true and correct copy of excerpts from GPC's Form 20-F Annual Report for the Fiscal Year Ended December 31, 2005, referenced in paragraph 72 of the Complaint.

     6.     Attached hereto as Exhibit "14" is a true and correct copy of excerpts from GPC's Form 20-F Annual Report for the Fiscal Year Ended December 31, 2006, referenced in paragraph 58 of the Complaint.

_____
BERNARD J. GARBUTT III (BG 1970)

Subscribed and sworn to before me
this 8th day of August 2008.

_____
Notary Public

ELIZABETH G. PHILLIPS
Notary Public, State of New York
No. 01PH5016107
Qualified in Westchester County
Commission Expires Aug. 02, 2009